JEREMIAH WOOLASTON, ET AL,

*vs.*

THOMAS MENDENHALL.

*New Castle, Aug. T.* 1817.

Under the statute, enabling the Court of Chancery to make orders for the sale of real estate, when necessary in order to give effect to its decrees, the Chancellor has power to order the sale of real estate of a defendant against whom a decree for the payment of money has been made after a return of *non est* to an attachment against him for the non-performance of the decree, and upon its appearing that his personal property has been exhausted by executions at law.

After a cause has been removed into the Court of Appeals it cannot be further proceeded in by this Court, until the record shall have been remanded by order of the Court of Appeals.

MOTION FOR AN ORDER OF SALE.—A decree had been made by this Court, and affirmed on appeal, in favor of the complainants against the defendant for the payment of $1310.57. An attachment for the non-performance of this decree was issued and returned *non est inventus.* At the August Term, 1817, *Read, Jr.,*for the complainant, exhibited to the Court, the record of two executions against the defendant, issued out of the Supreme Court, in the hands of the sheriff, amounting to more than $2000.00 ; and the sheriff being examined in this Court, stated that the executions covered all the defendant's personal property. The complainants' solicitor thereupon moved for an order for the sale of the defendant's real estate or of so much thereof as would satisfy the decree,—such order to be founded on the Act of Assembly, 4 Del. Laws 444, 462, Sec. 26, * which provides, " that all lands, tenements and hereditaments " within this State, shall be liable to be sold by order of the " Chancellor, upon such terms and in such manner as shall " be directed by him, by the sheriff, or by any party to a " suit in chancery, when any such sale shall be necessary to " give effect to and to carry into execution a decree of the " Court of Chancery." This act, he insisted, was intended to meet such a case as this, in which the complainants were remediless by the ordinary process of this Court, the entire personal property of the defendant being consumed, and the process of sequestration merely taking hold of rents, which are wholly inadequate to the satisfaction of the decree.

*Read,* of counsel for the defendant, doubted whether such was the intention of the law ; but supposed it was

* This provision is the same in substance as the present Statute, Rev. Code, 322, Sec. 12.

intended for a class of cases where administrators, executors, and trustees might be ordered to sell, in order to effect the object of the trusts, &c.

The Chancellor observed, that such powers already resided in this Court, the Court possessing the same powers as the English Court of Chancery. The law must therefore have been intended to meet other cases, of which this seems to be one.

The order moved for was entered.

*Note.* It appears from Chancellor Ridgely's note of this case, that upon the affirmance by the High Court of Errors and Appeals, of the decree in the cause out of which the above reported proceedings arose, no order of that Court was made remanding the record to the Court of Chancery. A copy of the decree of affirmance, under the seal of the Court of Appeals, was filed in this Court, and thereupon an attachment for the non-performance of the decree was taken. This attachment was, upon motion to the Chancellor, set aside, it being considered by him that as the record from the Court of Appeals contained no order remanding the same, the cause was not in this court. At the next ensuing term of the Court of Appeals, June 1817, the proper order was obtained and entered in this Court, whereupon an *alias* attachment was sued out, and the proceedings had which are above reported.