SAMUEL CUTRONA,

*vs.*

THE MAYOR AND COUNCIL OF WILMINGTON, a Municipal Corporation of the State of Delaware.

*New Castle, June* 20, 1924.

Under *Constitution, Article* IV, § 27, and *Chancery Court Rule No.* 95, appeal bond on appeal from Chancellor should be approved by Chancellor rather than some judge of Supreme Court to which appeal is taken.

An appeal from a decree dismissing the bill and dissolving a preliminary injunction, and the giving of an appeal bond, do not restore the injunction.

After a decree dismissing a bill and an order dissolving an outstanding preliminary injunction and the taking of an appeal, the Chancellor has no further power, by order different from the terms of the decree, to in effect restore or continue in force the preliminary injunction and maintain the subject-matter of the suit in *statu quo.*

MOTION TO STAY AN ORDER FOR DISSOLUTION OF PRELIMINARY INJUNCTION, or to restore and continue in force the preliminary injunction. The complainant took an appeal to the Supreme Court from the final decree dismissing the bill, *ante p.* 208, and dissolving the outstanding preliminary injunction heretofore entered in this cause. After the appeal was taken and within thirty days from the date thereof, the complainant filed the present motion. The propriety of granting this motion and also the question of the proper judicial officer to approve the appeal bond tendered by the complainant now came before the Chancellor for determination.

*Clarence A. Southerland* and *Ayres J. Stockly*, for the complainant.

*Caleb S. Layton*, City Solicitor, for the defendant.

THE CHANCELLOR. 1. The first question is—Must the appeal bond be approved by the Chancellor? The *Constitution* of this State in *Section 27, Article IV* thereof, provides as follows:

"*Section 27.* Whenever a person, not being an executor or administrator, appeals from a decree of the Chancellor, or applies for a writ of error, such

appeal or .writ shall be no stay of proceedings in Chancery, or the court to which the writ issues, unless the appellant or plaintiff in error shall give sufficient security, to be approved respectively by the Chancellor, or by a judge of the court from which the writ issues, that the appellant or plaintiff in error shall prosecute respectively his appeal or writ to effect, and pay the condemnation money and all costs, or otherwise abide the decree in appeal or the judgment in error, if he fail to make his plea good."

This provision has appeared in the Constitution of this State since 1792. The practice under it in modern times at least has been for the appellant to secure from some Judge of the Supreme Court an approval of the appeal bond. The Chancellor is not a member of the appellate tribunal in cases of appeal from his decrees and accordingly, under the practice heretofore obtaining, he has never been requested to approve bonds of the character mentioned. *Rule* 95 of this court appears to have been framed in harmony with this practice. A reading of the language of the section of the Constitution above quoted indicates, however, that this practice is founded in an erroneous conception. By that language it appears clear that the bond for stay of proceedings in Chancery appeals must be approved by the Chancellor. Such being the case, I have concluded that notwithstanding the previous practice the bonds given in appeals from this court should be presented to the Chancellor for approval. Accordingly I have approved the bond tendered in this case.

2. The decree dismissing the bill contained an order dissolving the outstanding preliminary injunction. The complainant's solicitors apparently concede that the appeal and the giving of the bond cannot have the effect of restoring the injunction. The authorities support this concession. If, therefore, the subject-matter of the suit is to remain in *statu quo*, some order different from the terms of the decree already made is necessary. Can the court, now that an appeal has been taken, make such order?

In *Hovey v. McDonald*, 109 *U. S.* 161, 3 *Sup. Ct.* 136, 27 *L. Ed.* 888, it was said that the power undoubtedly exists for the court in an equity cause to order a continuance of the *status quo* until a decision should be made by the appellate court or until that court should order the contrary. The existence of such power is likewise asserted in *Pasadena v. Superior Court*, 157 *Cal.* 781, 109 *Pac.* 620, 626, 21 *Ann. Cas.* 1355; *State ex rel. v. Dearing*, 180

*Mo.* 53, 79 *S. W.* 454; *Green v. Winter*, 1 *Johns. Ch.* (*N. Y.*) 77; *Messonier v. Kauman*, 3 *Johns. Ch.* (*N. Y.*) 66; *Hart v. Albany*, 3 *Paige* (*N. Y.*) 381; *New River Mineral Co. v. Seeley*, (*C. C.*) 117 *Fed.* 981; and in all of these cases the source of the court's power is traced to the English Chancery jurisdiction and does not arise as in many of the American cases from statutory enactments. Upon the question of when this power of the court may be exercised, whether after appeal taken as well as before, authorities are not in entire accord. But so far as my examination discloses no case disaffirms the existence of the power if attempted to be exercised at the time of the final decree and before an appeal is taken. In some cases of which *Hart v. Albany, supra*, is an illustration, the power has been exercised even after appeal taken. In others, while the power is recognized, it is held that it must be exercised at the time of the decree whose terms must embody its assertion. In such cases, if no provision was made in the decree of dismissal for a preservation of the *status quo* pending final determination on appeal, the court of original jurisdiction is powerless to enter an order to that end. *Galloway v. London*, 3 *DeGex, J. & S.* 59, 11 *Jur. N. S.* 537; *Eureka Consolidated Mining Co. v. Richmond Min. Co.*, 5 *Sawy.* 121, *Fed. Cas. No.* 4549. Whatever might be the rule in other jurisdictions, the language of Chancellor Ridgely in *Tatem, et al., v. Gilpin*, 1 *Del. Ch.* 13, and the course he pursued in *Woolaston, et al., v. Mendenhall*, 1 *Del. Ch.* 23 (note), with respect to the effect of an appeal upon further proceedings in the Court of Chancery, induce the conclusion that the power to continue an injunction pending appeal, if exercisable here, can be asserted only in the manner indicated in the two cases just cited from 3 *DeGex, J. & S.* and 5 *Sawy.* This being so, the motion which is now made after appeal taken comes too late. The motion will be denied.

In view of the reasons above given for denying the motion, it is unnecessary to consider the further question raised in the argument as to the power of the court under *Rule* 90 of this court to alter its decree to the extent suggested.

Let an order be entered accordingly.