THE BIGGS BOILER WORKS COMPANY, a Delaware corporation,

Defendant Below, Appellant,

*vs.*

K. McKINLEY SMITH,
Plaintiff Below, Appellee.

*Supreme Court, On Appeal, August 14, 1951.*

SOUTHERLAND, C. J., and WOLCOTT and TUNNELL, JJ., sitting.

*William E. Taylor, Jr.,* for appellant.

*John Van Brunt,* of Killoran & Van Brunt, for appellees.

PER CURIAM.

This was an application for a stay of proceedings in the court below, and involved the question of the right of that court to amend its judgment after appeal therefrom.

After a hearing upon a petition under *Section* 31 of the *General Corporation Law, Rev. Code* 1935, § 2063, to review an election of directors of The Biggs Boiler Works Company, the Court of Chancery on July 17, 1951, entered a judgment determining that certain persons were the duly elected directors and officers of the corporation. On July 24 the corporation filed its appeal in this court. On July 25, upon charges made by Smith, a director and stockholder (the plaintiff be-

low), that the corporation, by refusing him recognition of his alleged rights, had in effect declined to abide by the judgment, the Acting Vice Chancellor undertook to amend the judgment of July 17 by adding thereto certain provisions designed to afford Smith relief pertaining to his position in the corporate organization. The corporation moved for a stay of all proceedings below, and upon denial of its motion renewed it in this court.

Notwithstanding the apparently unqualified language of Chancellor Ridgely in *Tatem v. Gilpin,* 1 *Del.Ch.* 13, 19, we think that the Court of Chancery has full power to take such supplementary action, in the nature of contempt proceedings, or otherwise, to compel obedience to its judgment if no stay has been granted—particularly if the judgment be, as here, a self-executing one to which supersedeas is ordinarily inapplicable. Had the proceedings below been confined to enforcement of the judgment of July 17, a motion to stay would have been primarily addressed to the discretion of the court below, and its decision would not, in the circumstances of this case, have been disturbed here. The action taken, however, was an attempt to proceed by way of amending the decree. This, we think, was erroneous, since upon the filing of an appeal in this court the court below lost the power to amend the decree appealed from. This rule is unaffected by the fact that the period of time within which the judgment is, in general, subject to amendment (formerly thirty days and now ten days) has not expired. *Cutrona v. City of Wilmington,* 14 *Del.Ch.* 262, 125 *A.* 417.

The point is procedural, but is of importance. It needs no argument to demonstrate the confusion that would result if, during the pendency of an appeal, the decree sought to be reviewed could be amended without leave of the appellate court. The supplementary proceedings were no doubt intended to be steps to enforce compliance with the judgment of July 17; the difficulty was that they were fatally entangled with the attempted amendment of the decree.

Accordingly, we ordered such proceedings stayed be-

cause of error of law; without prejudice, however, to the power of the court below to entertain any further proceedings looking to the enforcement of the judgment of July 17. The motion for a general stay of all proceedings below was denied.