JOHN H. PHILLIPS, Jr., and BEATRICE D. PHILLIPS, His Wife, Plaintiffs-Below, and DELAWARE POWER & LIGHT COMPANY, a Delaware Corporation, Defendant and Third-Party Plaintiff-Below, Appellants, v. THE MAYOR AND COUNCIL OF THE CITY OF WILMINGTON, a municipal corporation, and DABSON PAVING COMPANY, a Delaware Corporation, Defendants and Third-Party Defendants- Below, Appellees.

DELAWARE POWER & LIGHT COMPANY, a Delaware Corporation, Defendant and Third-Party Plaintiff-Below, Appellant, v. THE MAYOR AND COUNCIL OF THE CITY OF WILMINGTON, a municipal corporation, and DABSON PAVING COMPANY, a Delaware Corporation, Defendants and Third-Party Defendants-Below, Appellees.

*(August* 3, 1965)

CAREY, J., and MARVEL and SHORT, Vice Chancellors, sitting.

*Clement C. Wood,* of Allmond & Wood, for plaintiffs below.

*William Prickett* and *Rodman Ward, Jr.,* of Prickett & Prickett, for defendant and third-party plaintiff.

*Alfred M. Isaacs,* of Flanzer & Isaacs, and *William F. Taylor,* of Young, Conaway, Stargatt & Taylor, for defendants and third-party defendants.

Supreme Court of the State of Delaware. Nos. 20 and 22, 1965.

PER CURIAM.

This case, consisting of two appeals from the Superior Court, is presently before us on a motion to strike from the record an opinion filed in the Court below a few days after one of the appeals had been taken.

The plaintiffs (Phillips) originally sued Delaware Power & Light Company (Delaware) alone, on the ground of negligence. Later, Delaware as third-party plaintiff sued The Mayor and Council of the City of Wilmington (Wilmington) and Dabson Paving Company (Dabson) as third-party defendants. Thereafter Phillips filed a complaint against Wilmington and Dabson. The third-party defendants ultimately moved for summary judgment against Delaware, and this application was granted. The third-party defendants then moved for summary judgment against Phillips which was also granted. Both Delaware and Phillips have appealed. The material events occurred on the following dates:

| | |
|---|---|
| January 5, 1965 | Opinion re non-liability of Wilmington to Delaware. |
| January 5, 1965 | Summary judgment entered for Wilmington v. Delaware. |
| February 25, 1965 | Summary judgment entered for Dabson v. Delaware. |
| March 3, 1965 | Summary judgment entered for Wilmington and Dabson v. Phillips. |
| March 5, 1965 | Delaware appealed from judgments of January 5 and February 25th. |
| March 12, 1965 | Opinion re all summary judgments for Wilmington and Dabson. |
| March 15, 1965 | Phillips appealed from judgments of March 3rd. |

In this Court, Delaware moved to strike the opinion of March 12 upon the theory that a trial Court has no power to take any action in a case after it has been appealed to this Court, with certain exceptions. See *Woolaston v. Mendenhall,* 1 Del. Ch. 23; 4 Am. Jur. 2nd 830. In our view, the filing of an opinion does not usually constitute the taking of any action within the meaning of this rule. An opinion ordinarily serves no function other than to state the Judge's reasons for an order which he has entered or is about to enter; the action taken is the entry of the order or judgment itself. In this instance, the opinion of March 12 simply amplifies the Court's reasoning set forth in its earlier opinions.

The question which gives us more concern, however, is a different one, that is, whether the record which comes to us should, without our prior consent, include any papers filed in the lower Court after an appeal has been taken. For practical reasons, the practice of

including such papers must be disapproved. If permitted, such a procedure could lead to obvious difficulties here. The orderly way to bring such material into our record is by proper application to this Court. Technically, therefore, Delaware's motion is rightly made as to its appeal.

The situation in the present case, however, is unusual. Under our Rule 7, *Del. C.* Ann., the entire record below is sent up to this Court in the absence of any stipulation of counsel to the contrary. In reality, we here have two appeals, one filed before, and the other after, the date of the supplementary opinion. There was only one case below and therefore only one record to be sent up to us. Both appeals involve the same questions of law and for our purposes' are treated as consolidated. If we were to grant Delaware's motion and strike the supplementary opinion, we would thereby eliminate matter which is clearly a proper part of the record in Phillips' appeal. Both appeals will be briefed, argued and considered by us at the same time; we cannot undertake the almost impossible task of excluding the supplementary opinion from our minds in deciding one appeal, yet considering it in the other. We think the reasonable course to follow in this situation is simply to consider that opinion a part of the record in both appeals. We have no doubt of our discretionary right to do so.

The motion to strike will accordingly be denied.