The CITY OF WILMINGTON, a municipal corporation of the State of Delaware, Plaintiff,

v.

The AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, A.F.L.-C.I.O., LOCAL 320, et al., Defendants.

Court of Chancery of Delaware, New Castle.

June 20, 1973.

Frederick H. Altergott, Asst. City Sol., for plaintiff.

Harvey B. Rubenstein, Wilmington, for defendants.

MARVEL, Vice Chancellor:

On June 12, 1973, following a work stoppage by certain City employees (principally the City's sanitation workers) and after notice to the individual defendants, this Court entered a temporary restraining order against the continuation of said strike by the defendant union, its officers, members and those acting in concert with any or all of them. The defendant union, Local 320 of the American Federation of State, County and Municipal Employees, A.F.L.–C.I.O., is the exclusive bargaining representative for employees of plaintiff's Department of Public Works, Water Department and Park Department as provided for by the terms of Title 19, Chapter 13 of the Delaware Code.

Such restraining order directed the defendants to discontinue their strike against the City, allegedly illegal action which had begun early in the morning of June 12 when union employees of the Sanitation Division of the Department of Public Works, while clocking in that morning, failed to proceed on their scheduled collection routes. Such strike being clearly unlawful under the provisions of 19 Del.C. section 1312,[1] it was ordered to be discontinued pending a ruling on whether or not a preliminary injunction against such strike should issue.

The evidence before me indicates that members of the defendant union have ignored this Court's restraining order of June 12, 1973, and in view of the continuation of the strike the City has applied for a contempt citation against the defendants as provided for by Rule 70(b).[2] This is the

---

1. Section 1312 provides: "No public employee shall strike while in the performance of his official duties."

2. "(b) Contempt and Other Remedies for Disobedience of Court Order. For failure to obey a restraining or injunctive order,

Court's opinion on the pending contempt application.

There is no doubt but that the public employees here involved are forbidden to strike by the terms of section 1312.[3] I also conclude that this Court's authority to issue the temporary restraining order here in issue and to enforce it through its contempt powers cannot be questioned. 10 Del.C. section 341.

The City has based its case on the theory that the persons actually guilty of contempt of Court here are the officers of the defendant union, namely its president, Thomas Ervin, its vice president, George Allen, and its treasurer, J. C. Brown. And, it is argued, simply because these officers are not themselves employees of the plaintiff City does not mean they can flout this Court's authority and avoid contempt sanctions.

I agree that the named individual officer defendants can properly be cited for contempt for three reasons (1) the general law on strikes by public employees, (2) specific cases involving injunctions against public employee strikes in other jurisdictions, and (3) the provisions of 19 Del.C. section 1301 et seq.

First, when faced with an illegal strike by public employees, an equity court is generally acknowledged to have the power to apply injunctive coercion wherever it will do the most good.

"Injunctive relief in an illegal public employee strike is ordinarily granted against one or more of the following parties: (1) the striking employees themselves; (2) the union or association which represents the striking employees for collective bargaining purposes; and (3) individual officers of the union or association." Annotation, 37 A.L.R.3d 1147, 1154.

Turning to specific cases in other jurisdictions, the leading case is New York v. DeLury,[4] in which the Court of Appeals of New York affirmed findings of criminal contempt against John J. DeLury, individually, and as president of the Uniformed Sanitationmen's Association, Local 381, for failure to obey a preliminary injunction directing an end to the New York City sanitation workers strike and an appeal was dismissed by the Supreme Court of the United States. In the cited case, DeLury and the union had been found guilty of contempt consisting of willful disobedience of the court's mandate to cease the strike in violation of New York's Taylor Law which prohibits strikes by public employees. The New York highest appellate court upheld DeLury's sentence of 15 days imprisonment and a personal fine of $250. It also affirmed a fine of $80,000 assessed against the defendant union. Furthermore, it affirmed the order of the trial court that the union's right to dues check-off be forfeited for a period of 18 months.

Time does not permit a detailed discussion of other cases from other juris-

---

or to obey or to perform any order, an attachment may be ordered by the court upon the filing in the cause of an affidavit showing service on the defendant, or that the defendant has knowledge of the order and setting forth the facts constituting the disobedience. At the hearing of the attachment, the examination of the defendant and also of witnesses shall be oral before the court, unless it be otherwise ordered by the court.

"In other proceedings taken in the name of the state to punish contempt, the attachment may be ordered upon the filing of an affidavit setting forth the facts con-

stituting the contempt and thereupon the proceedings shall be as set forth in the preceding paragraph of this rule."

3. Compare City of Wilmington v. General Teamsters Local Union 326, (Del.Ch.) 290 A.2d 8.

4. 23 N.Y.2d 175, 295 N.Y.S.2d 901, 243 N.E.2d 128, (1968) applic. den. 23 N.Y. 2d 766, 296 N.Y.S.2d 958, 244 N.E.2d 472, app. dismd. 394 U.S. 455, 89 S.Ct. 1223, 22 L.Ed.2d 414, reh. den. 396 U.S. 872, 90 S.Ct. 37, 24 L.Ed.2d 126.

dictions. Suffice it to say here that there is no doubt that a governmental body has a right to invoke injunctive relief against a strike by its public employees,[5] and that such right includes the power to enjoin strike activities by union officials. In fact, even a person not named in a labor injunction can be ordered to obey the terms of an injunction when he knows them to the extent that he must not aid or abet its violation by others, Re: Wholesale Licensed Alcoholic Beverage Salesmen's Union, 125 N.J.Eq. 539, 6 A.2d 660, and International Brotherhood, etc. v. Keystone F. Lines (10th Cir.) 123 F.2d 326.

Next, the precise provisions of the Delaware statute in question, 19 Del.C. section 1301 et seq. would also seem to indicate that officers of Local 320 can be found to be in contempt if the evidence supports such a finding. I conclude therefore that the anti-strike language of section 1312 is explicit. The defendant union, on the other hand, is allowed exclusively to represent public employees within their appropriate bargaining unit. See section 1306. The public employer cannot refuse to bargain collectively with a selected bargaining representative. See section 1309. Furthermore, a union may demand that labor disputes be submitted to the Department of Labor. See section 1310. In addition, a union may check-off membership dues from the public employer's payroll. See section 1311.

These are the benefits which Local 320 is entitled to under Delaware Law. And if there were no such statute, Local 320 could not exercise its present authority over the City's public employees. In return for such benefits, however, the union is expected faithfully to carry out its obligations under the statute. The clearest and most demanding of such obligations is

found in section 1312, namely a duty not to strike.

■ Since injunctive relief is an exercise of one of the many remedial powers of an equity court,[6] such court's contempt power can also be used in a flexible manner so as best to resolve a problem at hand, Biggs Boiler Works Co. v. Smith, 32 Del.Ch. 411, 82 A.2d 919.

■ Applying the preponderance of evidence test in a matter of what I deem to be alleged civil contempt, I am satisfied that the City failed at trial to establish that any of the named individual defendants either called the strike here in issue or failed to take appropriate steps after the strike had commenced to cause the striking members to return to work. I am further of the opinion that the strike in issue is not directly concerned with a work contract but with what many union members separately consider unevenly exercised supervisory treatment. On the present record I decline to hold the individual defendants in contempt of this Court's order of June 12, 1973.

■ The fact remains, however, that the rank and file of the sanitation workers union members of Local 320 are on strike and that such walk-out has evoked sympathy walk-outs by other employees in the City Water Department and Park Department, and, as has been pointed out above, there is no doubt but that such walk-outs are illegal and should cease.

■ A fine imposed against the defendant union would, of course, ultimately come out of the pockets of non-striking union members as well as of those out on an illegal strike. However, the purpose of a fine here, as I see it, would not be puni-

---

5. See 48 Am.Jur.2d Labor and Labor Relations, Sec. 1407 and cases cited therein.

6. See American Steel Foundries v. Tri-City Central Trades Council, 257 U.S. 184, 42 S.Ct. 72, 66 L.Ed. 189, in the context of a labor dispute.

tive but rather to get the workers back to performing their respective jobs, and an order directed against the union treasury may properly be used, in my opinion, as a goad to bring about the return of strikers to work in the interests of not only the City but of the union as a whole.

Unless a general return to work by striking members of the defendant Local 320 has come about by Friday morning, June 22 at 8:00 a. m., such defendant union will be fined $3,500. If, on the other hand, a general return to work has been accomplished by 8:00 a. m. on June 22, 1973, no fine will be imposed for the present.

Counsel for the respective parties and the parties themselves are urged promptly to disseminate this ruling of the Court by all available means of communication.

An appropriate order may be presented.