PARK OIL, INC. (a/k/a Park Oil Company, Inc.), Frank Jock, Shirley Jock, Michael Jock and Donna Smith, Defendants Below, Appellants,

v.

GETTY REFINING AND MARKETING COMPANY, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 12, 1979.*

Decided Oct. 15, 1979.

James R. Leonard, of Potter & Carmine, P. A., Wilmington, for defendants-appellants.

Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, for plaintiff-appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM.

It appears to the Court from the briefs and arguments of the parties and the record of this appeal that:

(1) Frank Jock, one of the defendants in the action below, appeals an order of the Court of Chancery for partial summary judgment in the amount of $125,000.00 in favor of plaintiff, Getty Refining and Marketing Company, against Jock as a guarantor of indebtedness of Park Oil, Inc., a co-defendant, under written agreement between Getty and Jock entered into in 1976.

(2) The Court of Chancery entered a money judgment for Getty against Park Oil in the amount of $492,450.04. By opinion dated October 11, 1979, that judgment has been affirmed by this Court.

(3) Summary judgment was entered in Getty's favor on the pleadings and affida-

---

\* The appeal was submitted at oral argument on April 10, 1979, but thereafter it was stayed at the request of counsel. It was resubmitted for decision, without additional argument, on Sept. 12, 1979.

vits, on Jock's admission by Answer of executing the Agreement of Guaranty and the Court's conclusion that there was not a factual dispute as to Jock's liability to Getty for at least $125,000.00 under the 1976 Agreement.

(4) Jock raises two questions on appeal: (1) that a material issue of fact raised by his Answer precluded summary judgment; namely, his allegation by affirmative defense that Getty had breached its undertaking with Park, and that issue had to be resolved before Jock's liability to Getty as guarantor of Park could be finally determined; and (2) that his assertion of a counterclaim (that Getty breached its undertaking with Park by delivery of insufficient amounts of fuel oil, causing Jock to suffer damages) bars summary judgment until the counterclaim is determined.

(5) Getty contends that no issue of fact material to Jock's liability as guarantor was raised to bar summary judgment because (1) Jock's contractual liability as guarantor was "primary", not contingent; and in any event, Park's liability to Getty has already been determined by summary judgment entered against Park; (2) by the terms of Jock's guaranty, Getty's book entries of delivery of oil to Park constitute "prima facie proof" of delivery and Park's indebtedness to Getty; and (3) Jock's denial by Answer, though verified, does not affirmatively contest Getty's deliveries of oil on which the claim of indemnity is based.

(6) As further ground for affirmance of summary judgment, Getty relies upon a March 2, 1979 Order of Sanctions of the Court of Chancery against Jock, striking his affirmative defense and counterclaim with prejudice for his "flagrant refusal" and failure to comply with the Court's orders for production of documents.*

(7) Notwithstanding that this action was pending before this Court on separate appeals by defendants Jock and Park, the Court of Chancery, having retained jurisdiction over the action for purpose other than the appeals taken by defendants, had jurisdiction to enter such sanctions and to strike said pleadings. See *Biggs Boiler Works v. Smith,* Del.Supr., 82 A.2d 919 (1951); *Star Pub. Co. v. Martin,* Del.Supr., 95 A.2d 465 (1953); and 4 Am.Jur.2d, *Appeal and Error,* § 355.

(8) The Court correctly determined that the Answer raised no material issue of fact barring summary judgment as to Jock's liability to Getty under the 1976 Agreement, notwithstanding the pendency of the counterclaim. See 6 Moore *Federal Practice* § 56.17. No genuine issue of fact was raised by the Answer, which though "verified" was not made on personal knowledge and was otherwise vague and indefinite. Rule 56(e) of Chancery Court Rules.

(9) The Court's Order of March 2, 1979 renders moot defendants' appeal.

(10) No error of law appears.

\* \* \* \* \* \*

AFFIRMED.

---

* By order of March 2, 1979, the Court of Chancery entered an order under Rule 37(b)(2)(C) providing, in part, that the sanctions entered against defendant Frank Jock striking his affirmative defense and counterclaim " . . . are assigned as additional grounds for the entry of judgment against Frank Jock on Count II [which relates to the personal guarantee by Jock of Park Oil's debt to Getty] of the Complaint pursuant to the order and judgment entered by this Court on June 23, 1978 against Frank Jock." An appeal has not been taken from that order.