**GRK FASTENERS LTD.,** a Canadian corporation; et· al., Plaintiffs— Appellees,

v.

**Allan L. BENNETT, aka American Residential Fastener Institute, Defendant—Appellant,**

and

**Wanda M. Bennett, Defendant.**

No. 04–36060.

D.C. No. CV–03–06363–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David G. Hosenpud, Esq., Beth A. Allen, Esq., Lane Powell, P.C., Portland, OR, Allan L. Bennett, Aumsville, OR, for Plaintiffs–Appellees.

** This disposition is not appropriate for publication and may not be cited to or by the

Before FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Allan L. Bennett appeals pro se from the district court's summary judgment, permanent injunction, and contempt order in favor of GRK Fasteners, Ltd. ("GRK"), in an action in which GRK successfully established that Bennett violated the settlement agreement in a previous action between the parties. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir.1996), review de novo the district court's exercise of personal jurisdiction, *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 (9th Cir. 1998), and review for abuse of discretion a civil contempt order, *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir.2004). We affirm.

Bennett's contentions regarding the issuance of the temporary restraining order were rendered moot by the subsequent issuance of a preliminary and then permanent injunction. *See Sweeney v. Hanley*, 126 F. 97, 99 (9th Cir.1903) ("Upon the entry of the final decree the temporary injunction came to an end.").

Bennett contends that, because he had not been formally served, the district court lacked personal jurisdiction over him at the time it issued the preliminary injunction. Bennett waived this issue because he did not raise it before the district court prior to the issuance of the preliminary injunction, did not file a Rule 12(b) motion on this ground, and did not raise the issue in his answer. *See* Fed.R.Civ.P. 12(h)(1). We also note that Bennett appeared before the district court to oppose

courts of this circuit except as provided by 9th Cir. R. 36–3.

the preliminary injunction and later waived service of the summons.

The district court did not abuse its discretion when it found Bennett in contempt for violating the preliminary injunction. Bennett contends that he believed he could permissibly pursue his complaints regarding GRK's screws before the Federal Trade Commission. Contrary to Bennett's contention, the injunction was not misleading. The injunction ordered that Bennett "shall not file any claims or complaints or prosecute any claims or complaints before any federal, state, or local agency relating to GRK's fasteners/screws." We also note that the terms of the injunction tracked the language of the prior settlement agreement that Bennett approved and signed.

The district court properly granted summary judgment for GRK on Bennett's counterclaim for abuse of process, because Bennett failed to raise any genuine issue of material fact regarding whether GRK engaged in any "willful act in the use of the process that [was] not proper in the regular conduct of the proceeding." *Pfaendler v. Bruce*, 195 Or.App. 561, 98 P.3d 1146, 1152 (2004).

Bennett's remaining contentions, including those relating to discovery disputes and judicial bias, are without merit.

AFFIRMED