HANLEY v. BEATTY, District Judge.

(Circuit Court of Appeals, Ninth Circuit. May 12, 1902.)

No. 820.

1. SUIT TO QUIET TITLE—MINING CLAIM—SUBJECT-MATTER IN ISSUE.

Under Rev. St. Idaho, § 4538, which provides that an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims, where a suit in equity is brought in a federal court in that state for the cancellation of deeds to interests in a mining claim, for a decree determining the adverse claim of defendants to such interests and establishing complainant's title thereto, and in which a receiver is prayed for to take control of the mine and workings on said claim, and an injunction restraining defendants from taking ore therefrom pending the suit, the court has jurisdiction to determine the entire controversy between the parties respecting the mine and the ore therein, and it is the duty of the defendants to set up all defenses they may have to complainant's claim thereto.

2. JUDGMENT—MATTERS CONCLUDED—DEFENSES NOT PLEADED.

A suit in equity was brought in a federal court for the cancellation of deeds to certain undivided interests in a mining claim on the ground of fraud and to establish complainant's title to such interests. The bill alleged that the property was of no value except for the mineral it contained, but that such mineral was of a value exceeding the jurisdictional amount; that defendants had extracted and removed ore from the claim exceeding in value $150,000. An accounting was prayed for, the appointment of a receiver to take charge of the mine, and an injunction restraining defendants from removing ore pending the suit. Defendants did not deny the jurisdictional value of the matter in dispute, nor the allegation that the sole value of the property was in the minerals it contained, and the suit was tried on its merits. Held, that the subject-matter of such suit was not merely an interest in the surface of the claim in dispute, but included also an interest in the ore being mined therefrom, the value of which alone gave the court jurisdiction under the pleadings; that a decree of the appellate court therein, which had become final, reversing a decree of the circuit court dismissing the bill, and based upon an opinion finding that a deed from complainant conveying an interest in the property was voidable and that he was the owner of such interest, was conclusive between the parties as to his rights in the ore; and that the circuit court was not justified in refusing to proceed to a final decree establishing such rights of complainant in accordance with the mandate of the appellate court, and in conformity to the issues joined and litigated, because of the pendency of a new suit brought by defendants asserting their sole ownership of such ore on the ground that the vein in which it was found had its apex in other property owned by them, such claim, if true, being one which they were bound to assert in the prior suit.

Petition for Writ of Mandamus.

John R. McBride and M. A. Folsom, for petitioner.

W. B. Heyburn and E. M. Heyburn, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The case of Kennedy J. Hanley, complainant, against Charles Sweeny, F. Lewis Clark, and the Empire State-Idaho Mining & Development Company, a corporation, defendants, was a suit in equity, brought in the circuit court of the United

States for the district of Idaho, Northern division, on the 18th day of March, 1899. The suit involved complainant's claim to the ownership of eleven twenty-fourths of certain mining ground described as the "Skookum Mining Claim," located in the Yreka mining district, in the county of Shoshone, in the state of Idaho. The complainant's right to eight twenty-fourths, or an undivided one-third interest in the Skookum mining claim, was based upon certain proceedings which complainant claimed amounted to a purchase of that interest from one Cunningham, the administrator of an estate, who sold the interest in settling up the estate in the course of probate proceedings in the state court of Idaho; but the administrator had conveyed this interest to a mining company, which also claimed to be a purchaser from the administrator, and had received a deed of conveyance of this interest in the course of such probate proceedings, and had conveyed the same to the defendant the Empire State-Idaho Mining & Development Company. Complainant's title to the remaining three twenty-fourths, or an undivided one-eighth, interest in the Skookum mining claim was derived through mesne conveyances from the original grantee by patent from the government of the United States. This latter title had been conveyed by the complainant to the defendants Charles Sweeny and F. Lewis Clark by deed dated April 30, 1898, deposited on that day in the Exchange National Bank of Spokane, in the state of Washington, in escrow, to be delivered to the defendants Sweeny and Clark upon certain stipulated conditions. Complainant claimed that the defendants Sweeny and Clark had obtained possession of this deed wrongfully and contrary to the terms of the escrow agreement. It appears from the bill of complaint that on the 30th day of April, 1898, the complainant was the owner of 100,000 shares of the capital stock of the Chemung Mining Company, a company whose mining claims were located in Yreka mining district, in the state of Idaho; that prior to April 30, 1898, some negotiations had passed between complainant and Clark and Sweeny involving the sale to them of complainant's 100,000 shares of the capital stock of the Chemung Mining Company and his one-third and one-eighth interests in the Skookum mining claim; that complainant offered to sell to Clark and Sweeny his 100,000 shares in the Chemung Mining Company, at 20 cents a share, or $20,000; that he also offered to sell his one-third and one-eighth interests in the Skookum mining claim at the rate of $30,000 for the whole claim; this would have amounted to $13,750 for his two interests in that claim. The complainant claimed that in these negotiations he receded from the latter proposition, and agreed to take $10,000 for his one-third and one-eighth interests in the Skookum claim, but adhered to his proposition to sell his 100,000 shares in the Chemung Mining Company for $20,000. He claimed that both of these offers were accepted by Clark and Sweeny, and that at their request he made two separate deeds for his one-third and one-eighth interests in the Skookum claim; that the 100,000 shares of the Chemung Mining Company stock were to be placed in one envelope under an escrow agreement of sale, and the two deeds for one-third and one-eighth interests in the Skookum claim in another envelope, also under an escrow agreement to sell, and both of these

envelopes were to be deposited with the Exchange National Bank at Spokane, Wash., to be taken up at specified dates and upon the conditions therein named. He claimed that the final agreements under which the deeds for his two interests in the Skookum claim and the 100,000 shares of stock in the Chemung Mining Company were deposited in escrow were that he should sell, and Clark and Sweeny would purchase, his 100,000 shares of the Chemung mining stock for $20,000, and his one-third and one-eighth interests in the Skookum claim for $10,000, making two separate and distinct transactions. He claimed that accordingly the 100,000 shares of stock were placed in escrow in one envelope, to be delivered to Clark and Sweeny on the payment of $20,000, and the two deeds for his interests in the Skookum claim were placed in escrow in another envelope, to be delivered to Clark and Sweeny upon the payment of $10,000. Clark and Sweeny, on the other hand, claimed in their answer that the agreement was that Hanley was to sell his 100,000 shares in the Chemung Mining Company and his one-eighth interest in the Skookum claim for $20,000, and his one-third interest in the Skookum claim for $10,000; that two envelopes were accordingly prepared, and the deeds and stock placed therein in escrow, in accordance with the terms of the agreement as understood by Clark and Sweeny. The complainant claimed that this arrangement of these two agreements in escrow was without his knowledge and was a fraud upon him. When the terms of this escrow expired, the complainant found that Clark and Sweeny had paid the $20,000, and taken up the escrow agreement for the 100,000 shares of stock in the Chemung Mining Company, and the deed for the one-eighth interest in the Skookum claim, and had left the deed for the one-third interest in the Skookum claim in the other envelope; this latter deed not having been accepted by Clark and Sweeny because in the meantime litigation respecting this one-third interest had proceeded so far that Clark and Sweeny considered that complainant's claim to that interest was of no value. It was alleged in the bill of complaint that the defendants Clark and Sweeny procured the agreement from complainant to sell his interests in the Skookum mine by covin and fraud, the particulars of which were set forth in the bill. It is alleged that the said Skookum mine had been reached for working purposes by certain workings known as "Last Chance," which were in the exclusive control of the defendants Clark and Sweeny; that they had declared at the time of the making of the agreement by which they took the option to purchase complainant's interests that the workings of the Last Chance mine had penetrated to the said Skookum claim, and that they knew the ground was of little value and contained no ore. It was alleged that they had stated that they desired to purchase complainant's interests in the Skookum claim, not because the claim was of any value for ore, but because it was surrounded by other claims which were of value, and would be useful to them for combining it for working purposes with the said other ground, and give breadth, bulk, and character to their plan to put the consolidated land on the market. It was alleged that the complainant had no means of personal knowledge as to the value of said ground except its situation with reference to other claims of which he had

some knowledge; and, relying upon these representations made by the defendants Clark and Sweeny that they had not in their workings penetrating the said claim found any ore or ore body, and that they had no more information about the same than the complainant had, he fixed the price of his entire interest in said Skookum claim at $10,000. It was alleged that the actual facts were that the defendants' works penetrating said Skookum ground had disclosed an immense body of ore of great value, and that the said Clark and Sweeny had willfully falsified and misstated the facts to the complainant, that they might procure said contract with him and defraud him into making the agreement to sell the said interests, well knowing that he was ignorant of the truth. It was further alleged that the ores contained in the Skookum mine were of such value that there has been taken out from such body then disclosed ore to the value of not less than $150,000 net, over and above the cost of mining, treating, extracting, and marketing the same. It was alleged, further, that the defendants had given out and asserted that they owned the Skookum claim and that complainant had no interest therein; that they had many millions of dollars' worth of ore in sight, and intended to take the same to their own use. The complainant alleged, further, that the said property was of no value except for the ores contained therein, and that the defendants were rapidly exhausting the same, to the utter destruction of complainant's rights. The bill further alleged that the defendants Clark and Sweeny organized the corporation defendant under the laws of the state of New York, and since the 15th day of May, 1898, the said corporation defendant has been engaged in working the ores contained in the said Skookum claim, under the general supervision and direction of the said defendants, who were alleged to be the officers of the said corporation and the owners of the majority of the capital stock thereof. The relief prayed for in the bill was that the conveyance by the complainant to the defendants Clark and Sweeny be set aside and declared null and void from its date; that the defendants be held to account for the complainant's share of the proceeds of the said Skookum mine taken therefrom by the defendants after the time the escrow deeds were made and prior to the filing of the bill of complaint; that the defendants should be required to set forth the nature of their claim to said premises, and that all adverse claims thereto should be determined by decree of court; that by the decree it should be declared and adjudged that the defendants and each of them had no estate or interest whatever in or to complainant's interest in said Skookum claim, and that the title of the complainant was good and valid thereto and therein; that the court should appoint its receiver to take into his possession and control the said Skookum mine and workings, and continue the operation of said mine under such rules and directions as the court might decree necessary for the preservation of the rights of the complainant and those of the defendants; that the defendants and each of them should be enjoined and prohibited by the court, and all and each of their agents, servants, and employés, from in any wise working and extracting any ore therefrom pending the trial on the merits, and until the final determination of the rights of the parties therein.

The defendants in their answer denied that the complainant had at the time of the commencement of the action any title or interest, claim or right, in or to the said Skookum mining claim, or any part thereof. They denied that the complainant became the purchaser of a one-third interest in the Skookum mining claim, as alleged in the bill of complaint, but asserted that such interest was purchased by the Chemung Mining Company. They also denied the fraud charged in the transactions relating to the deposit of complainant's deeds and stock in escrow, as alleged in the bill of complaint. They alleged that by virtue of good and sufficient mesne conveyances the defendant the Empire State-Idaho Mining & Developing Company was then the owner of the said Skookum mining claim and every part thereof. They denied that the ores contained in the Skookum mine were of such value that there had been taken out of the ore bodies then disclosed in said mining ground up to the time of the commencement of the suit ore of the value of not less than $150,000, over and above the cost of mining, treating, extracting, and marketing the same, or in which the complainant was entitled to any share or interest thereof, but alleged the fact to be that there had not been taken from any of the ore bodies that were disclosed in the said ground at the time of the placing of said deeds in escrow and the making of the contract therefor any ore of any value, and that no ore bodies of known value had been disclosed in said ground at the time of making said contract and the placing of said deeds in escrow. They admitted that they gave out and asserted that the complainant had no interest therein, and alleged that said assertion was true. As officers and agents of said corporation defendant, the defendants Clark and Sweeny admitted that they intended on behalf of said corporation to extract the ores from said Skookum mine and property, and appropriate the same to the use of said corporation, the owner of said claim.

The complainant having filed his replication to the answer of the defendants, the parties proceeded to take testimony upon the issues presented by the bill and answer, and upon a hearing the circuit court rendered its opinion on December 30, 1899, in which it was ordered that the prayer of the complainant be denied, and that defendants be dismissed, with their reasonable costs. The complainant thereupon brought the case to this court upon appeal. After a review of all the facts in the case, this court determined that the complainant was not entitled to any relief with respect to the claim that he was a purchaser of a one-third interest in the Skookum mine in the probate proceedings in the state court, but with respect to the one-eighth interest in that mine this court held that the deed conveying that interest to the defendants Clark and Sweeny was not by the terms of the agreement of the parties coupled with the Chemung mining stock; that it was improperly placed in escrow in the envelope containing that stock, and that the defendants had received it without consideration and in fraud of complainant's rights. The judgment of the circuit court was therefore reversed, and the case remanded to the court below for further proceedings not inconsistent with the opinion of the appellate court. Hanley v. Sweeny, 48 C. C. A. 612, 109 Fed. 712. A petition for a rehearing having been filed

in this court by the defendants, and having been denied, the mandate of this court was issued to the circuit court on the 21st day of November, 1901, reciting the order of the court reversing the decree of the circuit court, and commanding "that such further proceedings be had in said cause, not inconsistent with the opinion and decree of this court, and as according to right and justice and the laws of the United States ought to be had, the said decree of said court notwithstanding." The mandate further contained the costs of the appellant, amounting to $947.50, in accordance with paragraph 5 of rule 31 of this court (31 C. C. A. cxxix., 90 Fed. cxxix.).

It appears from the petition for a writ of mandamus filed by Hanley, the complainant in the court below, that the mandate of this court was presented to the circuit court on November 26, 1901, and filed therein and entered of record; that on November 29, 1901, an order was made in the circuit court for the district of Idaho, directing the defendants to appear on December 23, 1901, and show cause why the court should not proceed in accordance with the mandate of this court to grant an injunction and receiver, to refer the cause to a master for an accounting, and to grant other relief. It is alleged that the defendants appeared on that day in obedience to said order, and made the showing, and after the hearing the petitioner, by leave of the court, withdrew his motion for an injunction and receiver without prejudice to a renewal of said motion should the supreme court of the United States deny the petition of the defendants then pending for a writ of certiorari from the supreme court to review the decree of this court; and said circuit court then and there ordered the cause to proceed, and referred the same to the master in chancery to take an accounting of the ores extracted from the said Skookum mine and mining claim. It is alleged that on January 13, 1902, the supreme court denied the defendants' application for a writ of certiorari. It is further alleged in the petition that on February 8, 1902, the petitioner, after giving due notice to the defendants, applied to the Honorable James H. Beatty, United States district judge of Idaho, acting as judge of the United States circuit court for Idaho, for an injunction to restrain the defendants from extracting ore from said Skookum mine to the exclusion of the petitioner, and for a receiver for said mine, and for an order permitting the petitioner to enter said property to the ore bodies therein, and for an execution to collect the costs of appeal. It is further alleged that the application for an injunction, receiver, and for order to enter, and for execution, was denied by said judge on February 11, 1902. It is alleged that on February 24, 1902, a time and place of hearing having been theretofore fixed, and notice thereof having been regularly given as directed by the order of reference, the parties appeared before said master in chancery for the purpose of taking an account of the ores extracted; that the petitioner filed with said master a statement of claim and charge in the form of a debit and credit account, showing that petitioner's share of the ore extracted by defendants from said Skookum mine amounted to $315,000; that the defendant corporation filed an answer with said master in which it stated that it had extracted no ores from said Skookum mine subsequent

to April 30, 1898, and therefore it could file no debtor and creditor statement. Thereupon said defendant filed a petition that it be given until March 15, 1902, in which to file its account of ores extracted from underneath the surface of the Skookum claim. It is alleged that this petition was granted by the master. It is further alleged that testimony was then offered by the petitioner and received by the master in support of the petitioner's statement of claim; that on March 15, 1902, the Honorable James H. Beatty, acting as judge of the circuit court, by order made at Boise, Idaho, suspended the previous order for accounting made December 23, 1901, and refused to proceed with said accounting or to permit the master to do so. It is alleged in said petition that the order of said circuit court made by the said Honorable James H. Beatty, judge, suspending said accounting, and the order denying the motion for an injunction and receiver, and the order denying a writ of execution for the costs of appeal, and the act of refusing to proceed with the cause, are, and each of said orders is, and such refusal is, contrary to law, oppressive to the petitioner, inconsistent with the decree of this court, irregular, and unauthorized, and in disobedience of the command of the mandate of this court; that the petitioner has no way of protecting his property unless this court interferes; that the ores contained in said mine are being rapidly exhausted, and the petitioner is informed and believes that the property will be entirely destroyed and exhausted within five or six months unless protected by order of court; that defendants are all nonresidents of the state and district of Idaho, and the petitioner has no method of enforcing his rights against defendants, and has no way of perfecting the said cause for final decree until said accounting shall have been completed, save by his present application and petition. Upon this statement the petitioner prays for a writ of mandamus to be issued from this court, commanding and requiring the Honorable James H. Beatty, sitting as judge of the United States circuit court for the district of Idaho, without delay, to execute the mandate of this court in said cause in accordance with the opinion of this court, and to set aside the order made by him on the 15th day of March, 1902, staying said accounting, and to grant a proper writ for the enforcement of the decree of this court for costs, and to grant an injunction restraining the defendants from working and extracting ores from said Skookum mine and mining claim, and to order that the petitioner be let into possession of said property, or, on failure thereof, to show to this court, on the return day of the said writ, why the same has not been done, and for costs of this proceeding.

In answer to this petition Judge Beatty has made a return or answer, in which he suggests, among other things, that the orders complained of in the petition are in character judicial, involving the exercise of discretion and judgment, and not merely ministerial; that, if he is in error in this position, the writ of mandamus is not the proper remedy; that the cause was heard in the Northern division of the district of Idaho, and since the mandate of this court was sent down no term of the circuit court has been held in that division, and no judgment or action of any kind has been entered or taken in said

circuit court in pursuance of said mandate. In addition to these technical objections to the present proceedings in this court, it is represented that one of the defendants in the original suit, the Empire State-Idaho Mining & Developing Company, has commenced an action against Hanley, the complainant in the former suit, alleging, among other things, that in the former action only the surface rights of the Skookum mining claim were involved or determined, and that the apex of the ledge which covered or included in its descent the ore bodies under the surface of the Skookum claim was not put in issue or in any way litigated in the former action. It is further alleged that in the new action such apex of the ledge or vein found in the Skookum claim was in the San Carlos mining claim, and that, therefore, such ore bodies in the Skookum claim do not belong to either the Skookum claim or to the said Hanley, but do belong to said San Carlos claim and its owner, the plaintiff in the new action, and that plaintiff asks in this new action that the former order for an accounting be set aside until the determination of this new issue between the parties. A copy of the bill of complaint in the new action is attached to and made a part of the return or answer of Judge Beatty.

It is contended on behalf of the respondent that, so far as the original action relating to the one-eighth interest in the Skookum mine claimed by the complainant, Hanley, is concerned, it was merely an action to cancel the deed, and possessed none of the elements of a suit to quiet title; that this court held that said deed was wrongfully obtained, and should be canceled; and that the mandate was in accordance with this opinion. The suit was in equity. Its purpose was to determine a controversy concerning an interest in a mining claim containing valuable ore and for an accounting for the value of the ore that had been taken out of the mine by the defendants, and for an injunction prohibiting the defendants, their agents, servants, and employés, from in any wise working and extracting ore from said mine pending the trial of the case upon the merits and until the final determination of the rights of the parties thereto. The jurisdiction of the United States circuit court was invoked upon allegations of diverse citizenship in the parties to the action, and that the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $2,000; that the amount in dispute did exceed $2,000 was shown by allegations that the premises in controversy were of the value of more than $10,000; that the ores contained in the said Skookum mine were of such value that there had been taken out of said ore body then disclosed in said ground up to the time of the commencement of the action ore of the value of not less than $150,000 net, over and above the cost of mining, treating, extracting, and marketing the same, of which complainant was entitled to a share represented by his interest; and that the defendants gave out and asserted that they had millions of dollars' worth of ore in sight in said Skookum claim. To show that the controversy was with respect to complainant's interest in the mine and the ore it contained, he further alleged that said described property was of no value except for the ore it contained. Defendants in their answer admitted that they

had given out and asserted that the complainant had no interest in said claim, and they alleged that said assertion was true. The defendants Clark and Sweeny also admitted that they intended on behalf of the corporation defendant to extract the ores from the said mine and appropriate the same to the use of said corporation, the owner of the claim, but they did not deny that the claim had no value except for the ore it contained. These allegations in the complaint as to the value of the ore and the lack of value in the mining claim, aside from the ore, stood admitted, and became one of the established facts of the case for the purpose of jurisdiction as well as upon the merits of the case.

The allegation that the mine had no value except for the ore it contained did not bring the case within the jurisdiction of the court, if the only dispute was as to an interest in the surface location; and, if by reason of the allegations of the bill concerning the value of the ore in the mine the fact that the dispute related only to the surface location was overlooked, it was the duty of the court to dismiss the bill for want of jurisdiction when that fact was discovered. Section 5, Act March 3, 1875 (18 Stat. 470).

The case was heard and determined in the circuit court, not upon any question of the sufficiency of the pleadings, but upon the merits of the whole case, the decree of the court reciting that the court had found that the allegations of the bill had not been sustained by the evidence. Upon appeal this court also determined the controversy upon the merits of the whole case, and found that the evidence did sustain the allegations of the bill as to the one-eighth interest claimed by the complainant, and directed the court below to proceed and grant that relief which the complainant was entitled to have according to right and justice and the laws of the United States.

Section 4538 of the Revised Statutes of Idaho provides that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim." Under this statute the circuit court had jurisdiction upon the pleadings to determine the entire controversy between the parties respecting the Skookum mine and the ores therein contained. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; Reynolds v. Bank, 112 U. S. 405, 5 Sup. Ct. 213, 28 L. Ed. 733. It was the duty of the defendants to interpose all the defenses they had to the action, and, having failed to do so, the defendant the Empire State-Idaho Mining & Developing Company is debarred from interposing a defense which they had at that time by a new action. Burton v. Huma (C. C.) 37 Fed. 738. In Dowell v. Applegate, 152 U. S. 327, 345, 14 Sup. Ct. 611, 38 L. Ed. 463, the rule in such a case is stated to be: "A judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to any ground which might have been presented."

Testimony on behalf of the defendants is referred to as tending to show that the apex of the vein containing the ore in the Skookum mine was outside the surface location of that claim, and it is contended that, because counsel for the complainant objected to this testimony as irrelevant and immaterial, he must be deemed as having

objected because that issue was not involved in the case. No such inference can be drawn from the proceedings. It was not claimed that this testimony tended to show that the apex of the vein was outside the Skookum claim and in some other claim owned by the defendants, and unless that was the purpose of the testimony, and it tended to establish that fact, it was clearly irrelevant and immaterial. The defendants were required to prove whatever adverse title they had, and, unless the testimony tended to establish such a title, it was subject to complainant's objection. The testimony is, however, in the record, and it is not claimed now that, as it appears in the record, it tends in any way to establish such a defense. Moreover, no ruling of the court below excluding such testimony was brought here on the appeal, and if any inference is to be drawn from this feature of the proceedings it is that the defendants did not consider the question as to the apex of the Skookum vein as being an issue in the case.

We are of the opinion that the petitioner is entitled to have the mandate of this court in Hanley against Sweeny et al. enforced, but, in view of the statement of the respondent that he will proceed to enforce it upon being advised as to the views of this court upon the questions that have been discussed in this opinion, we will withhold the writ of mandamus until the further order of the court.