## ANGLO-AMERICAN PROVISION CO. *v.* DAVIS PROVISION CO. No. 2.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 63. Argued November 9, 1903.—Decided November 30, 1903.

When the Circuit Court has decided the question of its jurisdiction and the alleged unconstitutionality of a state law in favor of the plaintiff, but has decided against him on the merits, the plaintiff cannot appeal directly to this court under the act of March 3, 1891, c. 517, § 5, for the purpose of a revision of the judgment on the merits.

THE facts are stated in the opinion.

*Mr. Henry Wilson Bridges* for appellant.

*Mr. Frank E. Smith* for appellee. *Mr. Thomas F. Conway* was on the brief.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court dismissing the plaintiff's bill. The bill is founded on the matters stated in the preceding case. It alleges that the Davis Provision Company recovered a judgment against the plaintiff, in New York, about a year and a half after the judgment recovered by the plaintiff against the Davis Provision Company in Illinois. It shows the effort of the plaintiff to recover in New

York on the Illinois judgment, and the action of the New York courts which we have reviewed. It alleges that the two judgments arose out of the same transaction, and that by reason of the New York decision the plaintiff is unable to set off the judgment against that obtained in New York by the defendant. It sets up the unconstitutionality of the New York statute, alleges the insolvency of the Davis Provision Company, and prays for a set-off of judgments. A demurrer to the bill was overruled, 105 Fed. Rep. 536, but on final hearing the bill was dismissed on the ground that the judgment in favor of the Davis Provision Company had been assigned to the defendant Weed, for value, and under such circumstances that it was not subject to the set-off claimed. The plaintiff appealed to this court.

It was admitted by the appellant, at the argument, that the plaintiff would fail on the merits if the preceding case should be decided as it has been. But we are precluded from an inquiry into the merits or even into the jurisdiction taken by the Circuit Court under Rev. Stat. §§ 1977, 1979, until the jurisdiction of this court to entertain the appeal is established. *Mansfield, Coldwater & Lake Michigan Railway Co.* v. *Swan,* 111 U. S. 379, 382.

Under the act of March 3, 1891, c. 517, § 5, 26 Stat. 827, this must be maintained either as a case in which the jurisdiction of the Circuit Court is in issue, or as a case in which the "law of a State is claimed to be in contravention of the Constitution of the United States." With regard to the former ground, the Circuit Court sustained the jurisdiction, and the case is disposed of by *United States* v. *Jahn,* 155 U. S. 109, 114, 115. "If the question of jurisdiction is in issue, and the jurisdiction sustained, and then judgment or decree is rendered in favor of the defendant on the merits, the plaintiff, who has maintained the jurisdiction, must appeal to the Circuit Court of Appeals, where, if the question of jurisdiction arises, the Circuit Court of Appeals may certify it." With regard to the latter ground, the decision of the Circuit Court again was in favor of the plain-

tiff, and it has nothing of which to complain. "As a general rule the court will not allow a party to rely on anything as cause for reversing a judgment, which was for his. advantage." Cited from Mr. Justice Curtis' dissent in the *Dred Scott case*, 19 How. 393, 566, in *Mansfield, Coldwater & Lake Michigan Railway Co.* v. *Swan*, 111 U. S. 379, 383. This remark, to be sure, is not strictly in point, as the plaintiff would not ask to have the judgment reversed on the ground that this New York law was constitutional. But it, with the quotation from *United States* v. *Jahn*, helps to indicate a principle to be applied to the construction of the words. "in any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States." Those words are general in form, but they do not mean that whenever a party makes a case of that sort he may appeal directly to this court whenever the decision is against him, no matter on what grounds, although his contention about the state law is sustained. If a party comes into the Circuit Court alleging that a state law is unconstitutional, and the .Circuit Court decides for him on that point, the mere fact that there was such a question in the 'case does not authorize him to appeal to this court on grounds that otherwise would not support an appeal. See *Lampasas* v. *Bell*, 180 U. S. 276. The present case illustrates the principle. .The argument for the appellant is devoted not to any constitutional or jurisdictional point, but to an attempt to upset the decision of the Circuit Court upon the question, mainly of fact, as to the good faith, etc., of Weed in taking the assignment of the judgment. The provisions of § 5 of the act of 1891 were not intended to be made an instrument for such attempts.

*Appeal dismissed.*