## EMPIRE STATE-IDAHO MINING AND DEVELOPING COMPANY v. HANLEY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 604. Submitted May 1, 1905.—Decided May 15, 1905.

Where the jurisdiction of the Circuit Court is invoked on the ground of diverse citizenship, it will not be held to rest also on the ground that the suit arose under the Constitution of the United States, unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution upon the determination of which the result depends, and which appears on the record by a statement in legal and logical form such as good pleading requires and where the case is not brought within this rule the decree of the Circuit Court of Appeals is final.

Where the jurisdiction of the Circuit Court has been invoked on the ground of diverse citizenship and plaintiff asserts two causes of action, only one of which involves a right under the Constitution, and the Circuit Court of Appeals decides against him on that cause of action and in his favor on the other, the judgment of that court is final and defendant cannot make the alleged constitutional question on which he has succeeded the basis of jurisdiction for an appeal to this court.

HANLEY brought this bill in equity in the Circuit Court of the United States for the District of Idaho, setting up diversity of citizenship as the ground of jurisdiction, and asserted owner-

ship of an undivided one-eighth interest, and of an undivided one-third interest, in the Skookum mining claim, Shoshone County, Idaho. As to the one-third interest, Hanley claimed under certain proceedings in the Probate Court of that county, which were, without notice to him as he said, set aside, and the interest conveyed to the Chemung Company, and by the latter to the Empire State &c. Mining Company. Hanley's title to the one-eighth interest was derived through mesne conveyances from the original grantee under a patent from the United States. This interest Hanley had conveyed to Sweeny and Clark by a deed deposited in the Exchange National Bank of Spokane, to be delivered on certain specified conditions, and he averred that Sweeny and Clark obtained possession of the deed wrongfully and contrary to the escrow agreement, and afterwards made a pretended deed of the interest to the Empire State Company.

On hearing, the Circuit Court decreed against Hanley as to both interests. Hanley carried the case to the Circuit Court of Appeals, which held that he was not entitled to relief as to the one-third interest, but that he was as to the one-eighth interest. The decree was therefore reversed and the cause remanded for further proceedings. 109 Fed. Rep. 712. The case went back and was referred to a master for an accounting as to the one-eighth interest, who reported a large amount of money as due to Hanley. The Circuit Court reduced the amount by deducting the cost of working the property while Hanley was excluded from the mine, and entered a decree quieting Hanley's title to the one-eighth interest and giving him judgment against the Empire State Company for the last named amount. Defendant appealed from this decree and filed a supersedeas bond with the American Bonding Company of Baltimore as surety, and Hanley prosecuted a cross appeal questioning the deduction. The Circuit Court of Appeals sustained the cross appeal and held that the Circuit Court erred in allowing defendants their working costs. 126 Fed. Rep. 97. The case was remanded with directions to modify the decree. This was

done and recovery of the original amount decreed, and also recovery on the bond of the amount it was given to secure, and another appeal was taken by the companies to the Court of Appeals, which affirmed the decree. The pending appeal having been subsequently allowed, was submitted on motion to dismiss.

*Mr. W. B. Heyburn, Mr. George Turner* and *Mr. F. T. Post,* for appellants:

Where the judgments of the Circuit Court of Appeals in cases where the jurisdiction depends on diverse citizenship, under the act of March 3, 1891, 26 Stat. 826, there is a right of appeal to this court if, in addition to the allegation of diverse citizenship, a distinct Federal question appears on the face of the complaint. *Spreckels Sugar Ref. Co.* v. *McLain,* 192 U. S. 397; *Nor. Pac. Ry. Co.* v. *Soderberg,* 188 U. S. 526; *Sugar Refining Co.* v. *New Orleans,* 181 U. S. 281; *Howard* v. *United States,* 184 U. S. 681; *Col. Cent. M. Co.* v. *Turck,* 150 U. S. 141.

In this case there is a Federal question which will give the Circuit Court jurisdiction in the first instance, as it arises under the Constitution or laws of the United States. Section 2, act of August 13, 1888, 25 Stat. 305.

Defendants, who are in possession of the property and mining its ore, found their right on the proceedings in the Probate Court. The Fourteenth Amendment applies to the action of the courts as well as to the action of the legislative and executive authorities of the States. *Noble* v. *Union River Logging Railroad,* 147 U. S. 175; *Scott* v. *McNeil,* 154 U. S. 34; *C., B. & Q. R. R. Co.* v. *Chicago,* 166 U. S. 226; *Pennoyer* v. *Neff,* 95 U. S. 714; *Lennard* v. *Louisiana,* 92 U. S. 480; *Hagar* v. *Reclamation Dist.,* 111 U. S. 708; *United States* v. *Lee,* 106 U. S. 220.

The jurisdiction of the Circuit Court would have been maintained on the allegations of the complaint if there had been no averment of diverse citizenship because under these cases the complaint shows a deprivation of property without due process of law.

This court will look at the logical effect of the allegations of the complaint and if they show jurisdiction in the court below on another ground than diverse citizenship the appeal must be allowed, even though the Constitution, law or treaty involved be not mentioned. *Gold Washing Co.* v. *Keyes*, 96 U. S. 199; 1 Chitty Pl. 213; *Northern Pacific Railway Co.* v. *Soderberg*, 188 U. S. 526; *Warner* v. *Searle & Herath Co.*, 191 U. S. 195; §§ 5, 6, act of 1891. The cases cited by appellee can be distinguished.

A good ground of equity with reference to one part of a connected transaction gives the court power to adjudicate with reference to the entire case. Pomeroy's Equity Jurisprudence, 2d ed., §§ 181, 231, 242.

This principle applies as well to the constitutional and statutory jurisdiction of the Federal courts as to their equitable jurisdiction. It has been so applied on the Circuit. *Brooks* v. *Stolley*, 3 McLean, 523.

It has been applied by this court in cases where bills, original in the equitable sense, and therefore requiring diversity of citizenship for purposes of Federal jurisdiction, have been treated as ancillary and supplemental for the purpose of avoiding objection to the Federal jurisdiction. *Blossom* v. *Railroad Co.*, 1 Wall. 655; *Minnesota Co.* v. *St. Paul Co.*, 2 Wall. 609; *Freeman* v. *Howe*, 24 How. 460; *Johnson* v. *Christian*, 125 U. S. 642; *Pac. R. R. of Mo.* v. *Mo. Pac. R. R. Co.*, 111 U. S. 505; *Keppendorf* v. *Hyde*, 110 U. S. 276. The whole case, then, may be said to have been governed by the constitutional question.

*Mr. M. A. Folsom* for appellee:

The jurisdiction of the Circuit Court depended entirely on diversity of citizenship. *Stevenson* v. *Fain*, 195 U. S. 165.

Allegations of a Federal question must appear in the complaint, and must be clear and distinct and must show a substantial Federal question. All doubts are to be resolved against the jurisdiction of the Circuit Court. *Grace* v. *Ameri-*

*can Cent. Ins. Co.*, 109 U. S. 278; *Lampasas* v. *Bell*, 180 U. S. 276; *Western Union Tel. Co.* v. *Ann Arbor R. Co.*, 178 U. S. 239; *New Orleans* v. *Benjamin*, 153 U. S. 423; *York* v. *Texas*, 137 U. S. 15. .

Plaintiff below could not claim to have been deprived of the interest until he established that he had acquired it. The constitutional question, if any was raised, was therefore conjectural. *Cosmopolitan Co.* v. *Walsh*, 193 U. S. 460; *Cornell* v. *Green*, 163 U. S. 75; *Ansbro* v. *United States*, 159 U. S. 695; *Ex parte Lennon*, 150 U. S. 393, 400; *Carey* v. *Houston Ry. Co.*, 150 U. S. 170.

The claim of the one-third interest was abandoned and if any constitutional question was based on it at any time it cannot be now resorted to. *Hill* v. *Chicago & Evanston R. Co.*, 140 U. S. 52; *Scriven* v. *North*, 134 U. S. 366. If sufficient allegations of the constitutional question with reference to the one-third interest were made in the complaint, the appellants here do not bear such a relation to the question as to entitle them to appeal to this court. *New Orleans* v. *Emsheimer*, 181 U. S. 153; *Anglo-Am. Provision Co.* v. *Davis*, 191 U. S. 376; *Lampasas* v. *Bell*, 180 U. S. 270.

The Bonding Company voluntarily appeared and made itself a quasi-party to the litigation. Judgment was rendered against that company upon a petition and notice in a method similar to that followed in *Woodworth* v. *Northwestern Ins. Co.*, 185 U. S. 354; *S. C.*, 119 Fed. Rep. 148; *Gordon* v. *National Bank*, 53 Fed. Rep. 471; *Meredith* v. *Santa Clara Co.*, 60 California, 617.

The right of the Bonding Company to an appeal depends upon the right of the Empire State Company to an appeal. *Gregory* v. *Van Ee*, 160 U. S. 643; *Carey* v. *Houston*, 161 U. S. 127.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

We are of opinion that the jurisdiction of the Circuit Court was dependent entirely upon diversity of citizenship, and that

this appeal must be dismissed.   Appellants' contention is that the allegations of Hanley's complaint as to the one-third interest amounted to the assertion that he had been deprived of that interest by the Probate Court without due process of law, and were sufficient to support the jurisdiction of the Circuit Court on this ground, irrespective of diversity of citizenship. We do not so regard the allegations.   What Hanley asserted was that his title to the third interest was good because he had purchased it from the administrator under the decree of the Probate Court, and that the subsequent decree of that court annulling the prior decree was invalid for want of jurisdiction to render it at a subsequent term, for want of notice, and for lack of evidence.

Granting that the Fourteenth Amendment applies to the action of the courts as well as of the legislative and executive authorities of the States, the averments of the complaint did not suggest that the courts of Idaho would hold the later proceedings of the Probate Court, if attacked by Hanley directly, effectual to overthrow his purchase; or charge that in such action as had been taken they had committed error so gross as to amount in law to a denial by the State of due process of law.   Hanley's contention was in effect that the later proceedings were void for lack of jurisdiction, and he did not pretend that he could not have obtained redress by direct suit in the state courts.

The Constitution and laws of the United States were not mentioned in the complaint, nor any dispute or controversy raised as to the effect or construction of the Constitution or laws on the determination of which the result depended; nor was any title, right, privilege, or immunity specially set up or claimed under Constitution or law.

If this had been a writ of error to a state court, the averments would not have brought it within section 709 of the Revised Statutes.   If it had been a direct appeal from the Circuit Court under section 5 of the act of March 3, 1891, it could not have been sustained because the construction or

application of the Constitution of the United States was not distinctly presented for decision in the court below.

And as an appeal from the Circuit Court of Appeals under section 6 of the act of 1891, it cannot be sustained because it falls within the settled rule that: "Where the jurisdiction of the Circuit Court is invoked on the ground of diverse citizenship it will not be held to rest also on the ground that the suit arose under the Constitution of the United States, unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution upon the determination of which the result depends, and which appears on the record by a statement in legal and logical form such as good pleading requires; and where the case is not brought within the rule the decree of the Circuit Court of Appeals is final." *Arbuckle* v. *Blackburn,* 191 U. S. 405; *Western Union Telegraph Company* v. *Ann Arbor Railroad Company,* 178 U. S. 239.

If the allegation of diversity of citizenship had been omitted from the bill, the jurisdiction could not have been maintained.

The decisions of the courts below did not turn on any Federal question. The Circuit Court held that Hanley had no title to the one-third interest because the Idaho statute relating to probate sales had not been complied with; the Court of Appeals, that Hanley was not entitled to the aid of a court of equity, in respect of that interest, because of his conduct at the time of the transaction.

Appellants succeeded in their defense as to the one-third interest, and Hanley accepted the result on the second appeal. They now make a grievance of their own success and ask that the supposed constitutional question as to the third interest only be made the basis of jurisdiction here, although, if the decree disposed of any such question, it was in their favor. In our opinion this cannot be permitted. *Anglo-American Provision Company* v. *Davis Provision Company,* 191 U. S. 376; *Lampasas* v. *Bell,* 180 U. S. 276.

*Appeal dismissed.*